Scott L Nielson (CA State Bar No. 262169)
**Law office of Scott L Nielson**
1106 Second Street, Ste 550
Encinitas, CA 92024
Telephone: (760) 334-8350
Email: scott@scottnielson.com

Attorney for Plaintiff Veni Group, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENI GROUP, LLC, a North Carolina Limited Liability Company,<br><br>        Plaintiff,<br><br>    vs.<br><br>EVERYMARKET Inc., PIXALSOFT, INC. for TrueGether.com, RUMBLE GEM, LLC, Michelle Lam, PARTS QUICK, LLC, TSRETE, Inc., TRUE CAPITAL SOLUTIONS, LLC, AMMIRATI BIZ, LLC, WANT MART, LLC, BEAUTIFEYE LASH BOUTIQUE, LLC, THE ORIGINAL ABBA BOOKS, LLC, BTK CONCESSIONS, LLC, KANSAMY, LLC, ESMT CONSULTING, LLC, FEMALE FINANCIAL, LLC, THE ZAZE, LLC, TESCA ENTERPRISE, LLC, MANCHESTERHUB, LTD., YOUR VOICE YOUR CHOICE, Inc. Does 1-8, unknown fictious persons at the time of filing<br><br>        Defendants. | Case No.  8:24-cv-289<br><br>JURY TRIAL DEMANDED<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1)  **FEDERAL FALSE DESIGNATION OF ORIGIN;**<br>2)  **FEDERAL TRADEMARK INFRINGEMENT;**<br>3)  **COMMON LAW TRADEMARK INFRINGEMENT;**<br>4)  **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>5)  **UNJUST ENRICHMENT;**<br>6)  **CALIFORNIA STATE UNFAIR COMPETITION AND BUSINESS PRACTICES (B&P 17200).** |

    For its claims against Defendants, Plaintiff VENI GROUP, LLC ("Plaintiff" or "Veni")

alleges as follows:

### NATURE OF THE ACTION

    1.    This is a civil action to enjoin and remedy: Lanham Act Violations of trade dress

infringement, false designation, false advertising, infringement under 15 U.S.C. §1125(a);

negligence, third-party beneficiary rights in contract, strict products liability, unfair competition,

unjust enrichment and civil conspiracy of illegal and abusive acts.

2.      This action arises out of Defendant's past and continuous injurious conduct towards Plaintiff.  By this action, Plaintiff seeks to permanently put a stop to Defendant's illegal conduct based in trademark infringement and obtain compensation for the violations that have occurred thus far.

## THE PARTIES

3.      At all relevant times, VENI GROUP, LLC, was and is a lawfully organized Limited Liability Company with a principal place of business in Clemmons, North Carolina, in the State of North Carolina.

4.      Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant EVERYMARKET, INC, was and is a Missouri Corporation with a principal place of business in St. Charles County, in the State of Missouri.

5.      Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant PIXALSOFT, INC (domain owner of TrueGether.com), was and is a New York Corporation with a principal place of business in Nassau County, in the State of New York.

6.      Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant RUMBLE GEM, LLC, was and is a California Limited Liability Company with a principal place of business in Orange County, in the State of California.

7.      Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant MICHELLE LAM, was and is an individual residing in Santa Ana, Orange County, in the State of California.

8.      Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant PARTS QUICK, LLC, was and is a New Jersey Limited Liability Company with a principal place of business in Hudson County, in the State of New Jersey.

9.      Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant TSRETE, INC, was and is a New York Corporation with a principal place of business in Flushing, in the State of New York.

10.     Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant

times, Defendant TRUE CAPITAL SOLUTIONS, LLC, was and is a Florida Limited Liability Company with a principal place of business in Miami Gardens, in the state of Florida.

11.     Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant AMMIRATI BIZ, LLC, was and is a California Limited Liability Company with a principal place of business in Los Angeles County, in the State of California.

12.     Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant WANT MART, LLC, was and is a New Jersey Limited Liability Company with a principal place of business in Keasbey, in the State of New Jersey.

13.     Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant BEAUTIFEYE LASH BOUTIQUE, LLC, was and is a Wisconsin Limited Liability Company with a principal place of business in Green Bay, in the State of Wisconsin.

14.     Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant THE ORIGINAL ABBA BOOKS, LLC, was and is a Nevada Limited Liability Company with a principal place of business in Las Vegas, in the State of Nevada.

15.     Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant BTK CONCESSIONS, LLC, was and is a Louisiana Limited Liability Company with a principal place of business in New Orleans, in the State of Louisiana.

16.     Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant KANSAMY, LLC, was and is a Colorado Limited Liability Company with a principal place of business in Aurora, in the State of Colorado.

17.     Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant ESMT CONSULTING, LLC, was and is a Florida Limited Liability Company with a principal place of business in Miami, in the State of Florida.

18.     Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant FEMALE FINANCIAL, LLC, was and is a Georgia Limited Liability Company with a principal place of business in Duluth, in the State of Georgia.

19.     Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant THE ZAZE, LLC, was and is a Connecticut Limited Liability Company with a

principal place of business in Newington, in the State of Connecticut.

20.    Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant TESCA ENTERPRISE, LLC, was and is a Texas Limited Liability Company with a principal place of business in Richmond, in the State of Texas.

21.    Plaintiff is informed and believes, and therefore alleges, that at all relevant times, Defendant Manchesterhub LTD, was and is a United Kingdom Limited Business company headquartered in Manchester, United Kingdom, with an operating address located at 4F Cheetwood Road, Unit 1, Manchester, United Kingdom M88AQ.

22.    Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant YOUR VOICE YOUR CHOICE, INC, was and is a Michigan Corporation with a principal place of business in Brownstown Township, in the State of Michigan.

23.    Plaintiff is ignorant of the true name and capacity of Defendant Does 1-8, and therefore Plaintiff sues these Defendants until their identity and capacity can be discovered. Because the true identity of many of the Doe Defendants is hidden or obfuscated by design by many of the named Defendants, Plaintiff is unable to determine their true legal names and capacity at the time of filing of this Complaint.  PLAINTIFF is informed and believes, and on that basis alleges, that each Doe Defendant sued under such fictitious name is in some manner responsible for the wrongs and the damages as alleged below, and in so acting, was functioning as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and principal of the co-Defendants, and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and principal with the permission and consent of the co-Defendants. PLAINTIFF will amend the Complaint to allege the true names and capacities when the same are ascertained.by such fictious names as discovered and with the Court's permission.

## **JURISDICTION AND VENUE**

24.    Jurisdiction and venue are proper in this Court, because at all relevant times, the Defendants does and/or did substantial business within the Central California District, in the state

of California.  Plaintiff's claims arise under Federal Trademark Law and the Laws of the State of California.

25.    This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents, copyrights, or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction); and 28 U.S.C. § 1367 (supplemental jurisdiction).

26.    This Court has personal jurisdiction over Defendant's because Defendant's have committed and continues to commit acts of infringement in violation of 15 U.S.C. §§ 1114 and 1125, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold within the United States, in the State of California, including in this District.  The acts by Defendant's have caused injury and continue to injure Plaintiff within this District.

27.    Upon information and belief, Defendant's derive substantial revenue from the sale of infringing products within this District, expects its actions to have consequences within this District, and derives substantial revenue from interstate and international commerce.

28.    This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and all parties reside or their principal headquarters are within different states.

## **GENERAL ALLEGATIONS**

29.    Veni entered the U.S. cosmetics industry in 2014 by embracing innovative products, catchy trade dress, and straight forward marketing methods designed to expose customers to its unique products.

30.    Since 2014, Veni's team has expended tremendous effort to meet with vendors, suppliers, other third parties to ensure that its products meet exacting standards of quality and meet customers' expectations.

31.    Veni has invested substantial effort to engage with existing and prospective

customers to deliver products that meet customers' expectations.  Including the quality of the product, design of the packaging, instructions on proper use, speed of delivery of product and reliable customer support.

32.     By following this approach, Veni's business has grown into a thriving business that provides thousands of customers Veni's products.  Veni's products are delivered through several commercial channels which include its own website, marketplace storefronts, reordering opportunities, and other e-commerce channels.

33.     Veni's distribution channels are well established and many of its brands have become somewhat famous and easily recognizable.

34.     Veni's product pricing has been stable for years, until recent infringement forced changes upon Veni's pricing structure

35.     From its inception, Veni's products and branding reflect unmistakable design and trade dress features throughout its products and packaging.  These design and trade dress features have been used consistently throughout the course of Veni's business operations.

36.     Veni has approximately 30 different branded products related to cosmetics, pharmaceuticals and fragrances.  While each branded product in Veni's portfolio is unique in its presentation with the related products, Veni's WOW! branding presents innovative packaging, distinctive design features, combined with well-known quality of the products Veni has become known for; resulting in an exciting combination of desirable products that consumers want.

37.     Veni deliberatively and carefully recognized creative achievements resulting in broad intellectual property protection, including trademark registrations to protect its innovative branding and trade dress.

38.     After hard years of meticulous effort to build brand trust and expose consumers to the quality goods that Veni has to offer, Veni's competitors in the marketplace have attempted to capitalize on Veni's effort by imitating Veni's innovative, elegant and distinctive branding and packaging.  In many cases, simply putting their name next to Veni's branded products and passing off their products based solely on Veni's branded products.

39.     Veni is the owner of the WOW! with design U.S. Federal Trademark as further

Complaint

described in Registration No. 5,716,039 (see attached Exhibit 1) at the U.S. Patent and Trademark Office and the design is shown here



Veni adopted and commenced use of the WOW! mark at least as early as April 4, 2014, in connection with Class 3 Goods including "Body creams; Cosmetics; Facial beauty masks; Lip gloss; Lip liner; Lip stains; Non-medicated skin care preparations." ("WOW!").  The WOW! trademark is inherently distinctive as applied to its Goods.  By virtue of Veni's continuous use in commerce of its WOW! mark in connection with its Goods, Veni's mark has become well and favorably known to the relevant trade and public.  Veni has invested substantial time, effort and expense in extensive promotion throughout the United State of the Goods sold under its WOW! mark.  As a result, considerable goodwill has attached to the WOW! mark to VENI's benefit.  The WOW! mark is representative of Veni's reputation for designing and providing high quality Goods and symbolizes the goodwill of Veni, which is invaluable.

40.    Veni's WOW! products and trade dress include the branding, colorful design, and distinctive tube trade dress to help consumers recognize the source for the products



41.    As alleged below, Defendant has made and packaged confusingly similar or essentially identical products, in many cases copying Veni's prominent trademarks in their entirety

with only an indication somewhere in the packaging (usually in a small font) to indicate a different seller resulting in widespread copyright, trademark and trade dress infringement.

42.    Defendant has caused and continues to cause confusion with Veni's WOW! brand in several ways including:

a. Copying the entirety of the WOW! packaging with the exception of placing some extra detail, for example: "ROMANTIC BEAR", "ROMANTIC RED ROSES", "KUKUBIRD"

b. Placing the confusing goods into streams of commerce within the United States through a website offering, advertising, marketing, promotion, affiliate marketing or other commercial means.

c. Selling the confusing goods within the United States in direct competition with Veni, often at a discounted price.

d. Causing confusion in the U.S. marketplace between existing and prospective customers that desired Veni's goods based upon its WOW! branding.

43.    Defendant caused and continues to cause confusion with Veni's WOW! brand by misusing, or using without Veni's permission substantially all of Veni's branding as it relates to the cosmetic lip liner goods claimed.

44.    Veni is the owner of the lips design U.S. Federal Trademark as further described in Registration No. 7,333,082 (see attached Exhibit 2) at the U.S. Patent and Trademark Office and the design is shown here

Veni adopted and commenced use of the lips design mark at least as early as April 4, 2014, in connection with Class 3 Goods including "Cosmetics; Facial beauty masks; Lip gloss; Lip liner; Lip stains; Non-medicated skin care preparations; Body creams." ("Lips").  The Lips trademark



is inherently distinctive as applied to its Goods.  By virtue of Veni's continuous use in commerce of its Lips mark in connection with its Goods, Veni's mark has become well and favorably known

to the relevant trade and public.  Veni has invested substantial time, effort and expense in extensive promotion throughout the United State of the Goods sold under its Lips mark.  As a result, considerable goodwill has attached to the Lips mark to Veni's benefit.  The Lips mark is representative of Veni's reputation for designing and providing high quality Goods and symbolizes the goodwill of Veni, which is invaluable.  The same allegations related to WOW! are incorporated as allegations regarding Lips.

### DEFENDANTS MARKETPLACE CONDUCT

45.     For the purposes of the Complaint, all references to a "marketplace" are limited to or only include the United States commerce and consumers within the United States.

46.     The marketplace is in the stream of commerce within the United States.

47.     Defendant has used or continues to use the marketplace to sell infringing products.

48.     For the purposes of this Complaint, the marketplace interaction may operate in a several different fashions; all of which have an end result of a transaction involving Veni's branded goods and a consumer; however, the transaction is not with Veni for its branded goods, nor is it authorized by Veni.  The most common marketplace interaction takes on the appearance of an on-line store front where the seller loads a digital representation of the offending products into the on-line digital catalog using pictures and descriptive wording.  Consumers encountering the on-line store can select goods, drop them in a virtual shopping-cart and eventually "check-out" meaning order/pay for the items selected.  Another common marketplace operates by allowing a defendant to promote or otherwise advertise the unauthorized Veni branded goods with some form of affiliated identifier, where a prospective customer can "click" on a link, a video, or URL that takes them to a store front or shopping cart styled website, allowing that customer to purchase the goods similarly as described above.

49.     A marketplace provider is primarily an internet-based service that is made available to consumers and the public through various interfaces including a uniform resource locator commonly referred to as a website, or a mobile phone application, or a downloadable software application interface, or a non-downloadable software application interface.

50. Defendant uses or has used at least one or any combination of different online marketplace providers that include well-known providers, *inter alia*, like Amazon, Walmart, DHGate, TikTok, Temu and others.

51. Defendant uses the internet in such a manner as to capitalize on confusion or infringement of Veni's branded products. This behavior can present in several ways (not necessarily exclusive of each other), including: the seller has their own website or URL, they can create a virtual store within any number of marketplace providers to sell goods, they can create a channel, handle or nickname that allows the defendant to create promotional marketing and advertising material, often with an affiliated identifier, linking to some online mechanism permitting interested customers to purchase infringing goods either directly from the defendant or giving them credit for the sale in some fashion. Some of the larger sellers use combinations of the above-described behaviors to sell confusing goods and circumvent all lawful barriers to legal commerce

52. The public information regarding registered trademark ownership is publicly available to the defendant through the United States Patent and Trademark Office.

53. Defendant is in control of and responsible for all aspects of any given transaction within their online store, account, or own website, including:

    a. Control of the process for listing a product for sale.

    b. Showing pictures of Veni's branded products.

    c. Making representations about Veni's branded products or otherwise describing their product offering.

    d. Promoting or advertising the Veni branded products within the marketplace.

    e. Consummating a transaction, without authorization, of Veni's branded products.

54. As it relates to Veni, after Veni's continuous efforts to build brand recognition and reputation, the Defendant willfully decided to pass-off, knock-off, copy, infringe or counterfeit Veni's brands and sell them through the marketplace. There are many examples of the infringing behavior by defendant misusing the marketplace.

    a. ROMANTIC BEAR Example – in this example, the Chinese based company

Shenzhen Duokuai Haosheng Supply Chain Management Co., Ltd provided this ROMANTIC BEAR branded knock-off of the exact same Veni branded lip liner/gloss product as shown, the top of the tube claims to be ROMANTIC BEAR.  It is obvious to anyone that Veni's branding and trade dress is copied in its entirety.



55.    Without investing any of the resources or innovation required in developing a strong brand identity and intellectual property portfolio, the defendant reaped substantially all the benefits of Veni's investment and goodwill in the market, by unlawfully using Veni's branding on similar or essentially identical goods.

56.    Defendant's use of Veni's product trade dress and its use of various trademark brands that infringe Veni's trademarks rights has and is likely to cause confusion or mistake, or to deceive consumers, purchasers, and others into thinking that the Defendant's products are Veni's product, or that they are sponsored by or affiliated with Veni, when they are not.

57.    Veni's goodwill among consumers is closely tied to its position as quality provider of uniquely valuable cosmetic related products.  The Defendant's flagrant, willful and relentless copying of Veni's intellectual property rights in its cosmetic products not only allows the Defendant to benefit from Veni's investment, but it also threatens to diminish the very important goodwill that Veni has cultivated with its products.  The value of such goodwill is evident in part in the success that resulted from Defendant's wrongful and illegal appropriation after copying Veni's aesthetic and branding strategies.  Defendant has made a fortune at Veni's expense.

58.    Defendant does not follow Veni's quality control standards, meaning their confusingly infringing conduct damages Veni's brands in ways that are hard to calculate because of potential quality of the product being less than what customers and prospective customers have

come to expect.

59.    Defendant's success in copying Veni's branding, trademarks and trade dress has caused immeasurable injury to Veni.

60.    Defendant's success in infringing Veni's brands has also caused or will cause harm or injury to Veni's customers as described herein.

61.    Defendant intentionally chose to infringe Veni's trade dress, and trademark rights through the design, packaging and promotion of its cosmetic products, and it did so willfully to trade upon the goodwill that Veni has developed in connection with its high-quality branded products.

62.    Veni is informed and believes that the Defendant began producing, selling, and marketing its infringing and copycat products within the United States after Veni's first use of the WOW! trademark and trade dress.

63.    Each of the Defendant's line of accused products embodies a combination of several elements of the Veni Product Trade Dress identified above, namely, a product configuration with a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, container and sales techniques.

## **CIRCUMVENTION CYCLE**

64.    On occasions when Veni successfully stopped Defendant from infringement in a marketplace by reporting the infringement of Veni's trademark rights, Defendant would circumvent the stoppage by changing marketplace providers, changing their account name or simply opening a new online store.

65.    Defendant accomplishes this circumvention behavior simply by setting up a separate account within the marketplace controlled by any number of online marketplace providers.  This starts a loop of abuse that benefits the Defendant to Veni's detriment.  Veni has to constantly monitor and seek out infringing sellers within the marketplace, report the seller, wait for action to halt the misconduct, watch as the offending seller then establishes another marketplace storefront and repeats the same abuse.  ("Circumvention Cycle")

66.     The descried circumvention behavior benefits the Defendant to Veni's detriment.

### **FIRST CAUSE OF ACTION**

### **TRADE DRESS INFRINGEMENT**

### **(Lanham Act Section 43(a), 15 U.S.C. §1125(a))**

67.     Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

68.     Veni is the owner of all right and title to the distinctive Veni Trade Dress.  The Veni Trade Dress, as embodied in Veni products, has acquired unique and identifiable meaning, and is not functional.

69.     In addition, the Veni Trade Dress, embodied in the packaging for the Veni products, is inherently distinctive and not functional.

70.     Based on extensive and consistent advertising, promotion and sales throughout the United States, the Veni Trade Dress enjoys distinctive brand awareness and meaning among consumers, identifying Veni as the source of these products.

71.     Veni's extensive promotion of the distinctive Veni Trade Dress has resulted in Veni's acquisition of valuable, legally protected rights in the Veni Trade Dress as well as considerable customer goodwill.

72.     Defendant's line of products has misappropriated the Veni Trade Dress by mimicking a combination of several elements of that trade dress as stated above.  The manufacture and distribution of Defendant products with packaging and product design features that mimic a combination of several elements of the Veni Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendant with Veni, or as to the origin, sponsorship, or approval by Veni of Defendant's goods, services or commercial activities.

73.     Defendant's actions constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

74.     Defendant knew of Veni's Product Trade Dress when it designed its products, and

Complaint

has refused to change its product or packaging design in response to Veni's requests and demands. Accordingly, Defendant's infringement has been and continues to be intentional, willful and without regard to Veni's Product Trade Dress.

75.    As a direct and proximate result of Defendant's unlawful acts and practices, including those set forth above, Defendant's has caused, is causing, and unless immediately enjoined by this Court, will continue to cause immediate and irreparable harm to Veni, for which there is no adequate remedy at law, and for which it is entitled to injunctive relief.

76.    Veni is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the Veni Product Trade Dress.

77.    Veni also has sustained damages as a direct and proximate result of Defendant's infringement of the Veni Product Trade Dress in an amount to be proven at trial.

78.    Because Defendant's actions have been willful, Veni is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION
### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114)

79.    Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

80.    Veni owns multiple federal trademark registrations for the distinctive naming of several of its product lines, i.e., the Registered Trademarks.

81.    The Defendant's line of products or offerings has infringed the Registered Trademarks by using identical brand names in Defendant's product listings or throughout the marketplace.

82.    Defendant's use of its infringing product lineup is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendant's with Veni, or as to the origin, sponsorship, or approval by Veni of Defendant's goods,

services or commercial activities.

83.     Defendant's use of the infringing product lineup enables Defendant's to benefit unfairly from Veni's reputation and success, thereby giving Defendant's infringing products sales and commercial value they would not have otherwise.

84.     Before Defendant's first use of the infringing product lineup, Defendant's was aware of Veni's business and had either actual notice and knowledge, or constructive notice of, Veni's Registered Trademarks.

85.     Defendant's unauthorized use of the infringing product lineup is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of Defendant's products and/or to cause confusion or mistake as to any affiliation, connection or association between Veni and Defendant's, in violation of 15 U.S.C. § 1114(a).

86.     Veni is informed and believes, and on that basis alleges, that Defendant's infringement of Veni's Registered Trademarks as described herein has been and continues to be intentional, willful and without regard to Veni's rights.

87.     Veni is informed and believes, and on that basis alleges, that Defendant's has gained profits by virtue of its infringement of Veni's Registered Trademarks.

88.     Veni will suffer and is suffering irreparable harm from Defendant's infringement of Registered Trademarks insofar as Veni's invaluable goodwill is being eroded by continuing infringement.

89.     Veni has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from Defendant's infringing activities.  Pursuant to 15 U.S.C. § 1116, Veni is entitled to an injunction against Defendant's continuing infringement of Veni's Registered Trademarks.  Unless enjoined, Defendant's will continue its infringing conduct.

90.     Because Defendant's actions have been committed with intent to damage Veni and to confuse and deceive the public, Veni is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

**THIRD CAUSE OF ACTION**

**COMMON LAW TRADEMARK INFRINGEMENT**

91.    Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

92.    Veni has prior rights in Veni's Registered Trademarks and other unregistered marks, including WOW! and Lips.

93.    Defendant's product lineup and offering has infringed Veni's Registered Trademarks and unregistered common law trademark rights by using identical or similar names in Defendant's products.

94.    Defendant's use of its infringing naming convention is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendant's with Veni, or as to the origin, sponsorship, or approval by Veni of Defendant's goods, services or commercial activities.

95.    Defendant's use of the infringing product lineup enables Defendant's to benefit unfairly from Veni's reputation and success, thereby giving Defendant's infringing products sales and commercial value they would not have otherwise.

96.    Prior to Defendant's first use of the infringing application icons, Defendant's was aware of Veni's business and had either actual notice and knowledge, or constructive notice of Veni's Registered Trademarks and other unregistered marks.

97.    Defendant's unauthorized use of the infringing product lineup is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of Defendant's product lineup and/or to cause confusion or mistake as to any affiliation, connection or association between Veni and Defendant's, in violation of 15 U.S.C. § 1114(a).

98.    Veni is informed and believes, and on that basis alleges, that Defendant's infringement of Veni's Registered Trademarks and unregistered marks, as described herein, has been and continues to be intentional, willful and without regard to Veni's rights in its Registered Trademarks and unregistered common law marks.

99.     Veni is informed and believes, and on that basis alleges, that Defendant's has gained profits by virtue of its infringement of Veni's Registered Trademarks and unregistered common law marks.

100.     Veni will suffer and is suffering irreparable harm from Defendant's infringement of Veni's Registered Trademarks and unregistered common law marks insofar as Veni's invaluable goodwill is being eroded by Defendant's continuing infringement.  Veni has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from the Defendant's infringing activities.

101.     Veni is entitled to an injunction against Defendant's continuing infringement of Veni's Registered Trademarks and unregistered common law marks.   Unless enjoined, Defendant's will continue its infringing conduct.

102.     Because Defendant's actions have been committed with intent to damage Veni and to confuse and deceive the public, Veni is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

## FOURTH CAUSE OF ACTION

### Intentional Interference With Prospective Advantage

103.     Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

104.     This cause of action is brought against all defendants.

105.     Defendants, and each of them, knew of or should have known of Plaintiff's ongoing business relationships and knew of Plaintiff's marketing efforts directed to potential clients either interested in Veni's products or returning to purchase Veni's products.  Defendants further knew of Plaintiff's previous marketing of other similar products.

106.     Because of defendant's misconduct involving the marketplace, defendant intentionally interfered with plaintiff's prospective economic advantage from ongoing relationships and marketing efforts associated with Veni's branded products.

107.    Defendant facilitated unfair competitive conduct by encouraging trade dress infringement, trademark infringement, passing-off or unfair competition, resulting in Defendant's intentional interference with Veni's prospective economic advantage from existing and ongoing relationships and marketing efforts associated with Veni's products.

108.    As a direct result of defendants' actions and omissions, plaintiff has been damaged in an amount according to proof at trial.

109.    Defendants' actions were undertaken with fraud, malice or oppression, or with a conscious disregard of the rights of plaintiff, and, therefore, plaintiff is entitled to an award of exemplary and punitive damages against defendants, and each of them, in an amount according to proof.

110.    Veni will suffer and is suffering irreparable harm from Defendant's intentional interference with Veni's prospective advantage as it relates to Veni's Registered Trademarks and products insofar as Veni's invaluable goodwill is being eroded by Defendant's continuing misconduct.  Veni has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from the Defendant's misconduct.

111.    Veni is entitled to an injunction against Defendant's continuing interference with Veni's prospective advantage.  Unless enjoined, Defendant's will continue its infringing conduct

## FIFTH CAUSE OF ACTION

### UNJUST ENRICHMENT

112.    Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

113.    This cause of action is brought against all defendants.

114.    Defendants, and each of them jointly and severally, through their wrongful conduct as described in this Complaint, have reaped substantial profits from the monies paid to them, belonging to plaintiff, and in so doing has caused plaintiff, to suffer substantial monetary losses, as well as emotional stress, reputational injury and property injury, all of which damages and costs

were not only foreseeable but were the intended consequences of defendants' collective actions.

115.    Defendants have been unjustly enriched.

116.    Based on the facts as alleged herein and as proven at trial, in equity and good conscience, it would be unconscionable and otherwise unjust for defendants to enrich themselves at the expense of plaintiff.

117.    Veni seeks a worldwide accounting and disgorgement of all ill-gotten gains and profits resulting from the Defendants inequitable activities.

118.    As a proximate result of the unlawful conduct of defendant as herein alleged, plaintiff has incurred damages to be proven at trial, in at least the sum in excess of the jurisdictional amount of this Court, plus attorney's fees and costs, and additional amounts according to proof at time of trial, including interest, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

**(Violation of § 17200 *et seq* of the California Business and Professions Code)**

119.    Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

120.    The business practice of defendant is unlawful and fraudulent and violates the law as alleged herein.  Further, defendant, knew that their business practice was unlawful and fraudulent.

121.    Pursuant to Sections 17200 et seq. of the California Business and Professions Code, unfair business practices include any unlawful, unfair or fraudulent business practice.  The fraudulent and unlawful conduct of defendant as alleged herein is an unlawful and fraudulent practice within the provisions of Sections 17200 et seq. of the California Business and Professions Code, and, accordingly, constitutes a violation of Sections 17200 et seq. of the California Business and Professions Code.

122.    The acts of Defendant described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200, et seq.

123.    Veni has valid and protectable prior rights in the Veni Product Trade Dress, and the

Registered Trademarks.  The Veni Product Trade Dress identifies Veni as the source of its cosmetic and fragrance products.  The Veni Product Trade Dress is inherently distinctive, and, through Veni's long use, has come to be associated solely with Veni as the source of the products on which it is used.

124.    Defendant's use of its infringing trade dress is likely to cause confusion as to the source of Defendant's products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Defendant's and Veni or that Defendant's products are affiliated with or sponsored by Veni.

125.    The above-described acts and practices by Defendant's are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code §§ 17200, et seq.

126.    The above-described acts constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trademark and trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of California Business & Professions Code §§ 17200, et seq.

127.    Defendant acted willfully and intentionally in designing its infringing trade dress and product packaging, with full knowledge of Veni's prior rights in the distinctive Veni Product Trade Dress, Registered Trademarks, its common law trademarks, and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Defendant's and Veni or between Defendant's products and Veni's products.

128.    The unlawful and fraudulent business practices of Defendant's described above present a continuing threat to, and is meant to deceive members of, the public in that Defendant desires to promote its products by wrongfully trading on the goodwill of the Veni Product Trade Dress, the Registered Trademarks and its common law trademarks.

129.    As a direct and proximate result of these acts, Defendant has received, and will continue to profit from, the strength of the Veni Product Trade Dress, the Registered Marks and Veni's common law trademarks.

130.    As a direct and proximate result of Defendant's wrongful conduct, Veni has been

injured in fact and has lost money and profits, and such harm will continue unless Defendant acts are enjoined by the Court.

131.    Veni has no adequate remedy at law for Defendant's continuing violation of Veni's rights.

132.    Defendant should be required to restore to Veni any and all profits earned as a result of their unlawful and fraudulent actions, or provide Veni with any other restitutionary relief as the Court deems appropriate.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment against defendants, and each of them, as more fully set forth below.

1.    A judgment that Defendant has infringed one or more of Veni's trademarks;

2.    An order preliminarily and permanently enjoining Defendant and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the Veni Product Trade Dress, Registered Trademarks, unregistered common law trademarks, or using any other product or packaging design or designations similar to or likely to cause confusion with the Veni Product Trade Dress, Registered Trademarks, and unregistered common law trademarks; from passing off Defendant's products as being associated with and or sponsored or affiliated with Veni; from committing any other unfair business practices directed toward obtaining for themselves the business and customers of Veni; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Veni.

3.    Actual damages suffered by Veni as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

4.    Reasonable funds for future corrective advertising;

5.    An accounting of Defendants' profits pursuant to 15 U.S.C. § 1117;

6.    A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

7.      Punitive damages pursuant to California Civil Code § 3294;

8.      Restitutionary relief against Defendants and in favor of Veni, including disgorgement of wrongfully obtained profits and any other appropriate relief;

9.      Costs of suit and reasonable attorneys' fees, including, but not limited to, a finding that this case is exceptional and awarding attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

10.      Any other remedy to which Veni may be entitled, including all remedies provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof Code §§ 17200, et seq., 17500, et seq., and under any other California law.

Dated: June 6, 2024                    By:   /Scott L Nielson/
                                           Scott L Nielson
                                           Attorney for Plaintiff Veni Group, LLC

# EXHIBIT 1

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,716,039**

**Registered Apr. 02, 2019**

**Int. Cl.: 3**

**Trademark**

**Principal Register**

Veni Group LLC  (NORTH CAROLINA LIMITED LIABILITY COMPANY)
111 Hedgecock Ave
Winston Salem, NORTH CAROLINA 27104

CLASS 3: Body creams; Cosmetics; Facial beauty masks; Lip gloss; Lip liner; Lip stains; Non-medicated skin care preparations

FIRST USE 4-4-2014; IN COMMERCE 4-4-2014

The mark consists of a pair lips with five teeth appearing and biting the lower lip. The word "wow!" Is below that in an explosion graphic.

SER. NO. 87-214,273, FILED 10-25-2016



Director of the United States
Patent and Trademark Office

# EXHIBIT 2

# United States of America
## United States Patent and Trademark Office



**Reg. No. 7,333,082**

**Registered Mar. 19, 2024**

**Int. Cl.: 3**

**Trademark**

**Principal Register**

VENI GROUP, LLC  (NORTH CAROLINA LIMITED LIABILITY COMPANY)
400 CENTENARY CHURCH RD
CLEMMONS, NORTH CAROLINA 27012

CLASS 3: Cosmetics; Facial beauty masks; Lip gloss; Lip liner; Lip stains; Non-medicated skin care preparations; Body creams

FIRST USE 4-4-2014; IN COMMERCE 4-4-2014

The mark consists of the lips of a partially opened mouth showing the top row of teeth.

OWNER OF U.S. REG. NO. 5716039

SER. NO. 97-814,894, FILED 02-28-2023



Katherine Kelly Vidal

Director of the United States
Patent and Trademark Office

